# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------X
LILLIAN OYOLA,

        Plaintiff,

-against-

WAYNE BERNARD CAMPBELL,

        Defendant.
---------------------------------------------------------------X

Index No.: 14103-07

SUMMONS

Plaintiff designates BRONX County as the place of trial.

The basis of venue is:
Plaintiff resides at,
22 Elliot Place, #5
Bronx, NY 10452

To the above named Defendant(s)

    You are hereby summoned to answer the complaint in this action, and to serve a copy of your answer, of if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    New York, New York, NY
          April 5, 2007

                                 Lonny Levitz, Esq.
                                 KUHARSKI, LEVITZ & GIOVINAZZO
                                 Attorneys for Plaintiffs
                                 7 Dey Street, 14th Floor
                                 New York, New York 10007
                                 Tel. 212/228-1331

TO:     Wayne Campbell
         2505 Camelback Road
         Richmond, VA 23236

04/17/2007 07:36 FAX    4/17/2007 11:54 AM FROM: Kuharski Levitz Kuharski Levitz    TO: +1 (804) 346-4944    PAGE: 003 OF 006

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
————————————————————X
LILLIAN OYOLA,

        Plaintiff,

-against-

WAYNE BERNARD CAMPBELL,

        Defendant.
————————————————————X

VERIFIED COMPLAINT

Index No.:

Plaintiff, by his attorneys, KUHARSKI, LEVITZ & GIOVINAZZO, ESQ., complaining of the defendant herein, respectfully show to this Court, and allege as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF LILLIAN OYOLA

1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Bronx, City and State of New York.

2. That on October 19, 2006 and at all times hereinafter mentioned, the intersection of 176th Street and the Grand Concourse, Bronx, NY, was and still is public highways used extensively by the public in general.

3. That on October 19, 2006 the plaintiff was a pedestrian at the intersection of 176th Street and the Grand Concourse, Bronx, NY.

4. That on October 19, 2006, defendant, WAYNE BERNARD CAMPBELL, was the owner of a vehicle with license plate # KDN4497, State of VA.

5. That on October 19, 2006, defendant, WAYNE BERNARD CAMPBELL was the owner of a 2004 Chevy with VA. State license plates.

6. That on October 19, 2006, WAYNE BERNARD CAMPBELL, was

804 346 4944    P.04
Apr 23 2007 13:12    P.06
Fax:212-248-6181   ALFA ALLIANCE   16:12 HK-23-2007
CRAWFORD&CO-985/323

operating said vehicle.

7. That on October 19, 2006 the defendant, WAYNE BERNARD CAMPBELL, operated a 2004 Chevy.

8. That on October 19, 2006, plaintiff, LILLIAN OYOLA, was crossing at the intersection of 176th Street and the Grand Concourse, Bronx, NY.

9. That on or about October 19, 2006, said vehicle owned and operated by the defendant, WAYNE BERNARD CAMPBELL, came into contact with LILLIAN OYOLA.

10. That the aforesaid collision and injuries resulting therefrom were due solely and wholly to the careless and negligent manner in which the defendant operated and controlled their motor vehicle without this plaintiff in any way contributing thereto.

11. That the negligence of the defendant consisted of operating the aforesaid motor vehicle in a negligent, reckless, careless, grossly negligent, wanton and inherently reckless manner; in failing to keep the aforesaid motor vehicle under reasonable and proper control; in failing to operate the aforesaid motor vehicle with due regard for the safety of the public and others; in failing to keep a proper lookout; in failing to observe what was available to be observed; in failing to observe the plaintiff; in failing to avoid contact with plaintiff, and to yield the right of way to the plaintiff; in operating the aforesaid motor vehicle in a manner contrary to and in violation of the statutes, ordinances, rules and regulations in such cases made and provided; in failing to change lanes in a safe and reasonable manner; in failing to provide and/or

make prompt and timely use of adequate and efficient brakes and steering mechanisms; in operating the aforesaid motor vehicle in such a negligent, careless, reckless wanton and grossly negligent manner as to precipitate the aforesaid accident; in improperly operating said vehicle in reverse; in failing to take defensive action; in failing to warn of the approach of the aforesaid motor vehicle; in failing to sound a warning to the plaintiff; in negligently backing up said vehicle; and the defendant was otherwise careless, reckless and negligent.

12. That by reason of the foregoing and the negligence of the said defendants, this plaintiff sustained serious, severe, and permanent injuries to his head, limbs and body; still suffers and will continue to suffer for some time great physical and mental pain and serious bodily injury; and became sick, sore, lame and disabled and so remained for a considerable length of time.

13. That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, LILLIAN OYOLA, sustained serious injuries as defined by the Insurance Law of the State of New York and has sustained economic loss greater than basic economic loss as defined by said Insurance Law.

14. That by reason of the foregoing and the negligence of the said defendant, this plaintiff, LILLIAN OYOLA, is informed and verily believes that his aforesaid injuries are permanent, and that he will permanently suffer from the effects of his aforesaid injuries and will be caused to suffer permanent embarrassment and continuous pain and inconvenience.

15. That by reason of the foregoing, this plaintiff, LILLIAN OYOLA, was compelled to seek and did necessarily require medical aid and attention and did necessarily pay and become liable therefore for medicines, and upon information and belief, the plaintiff, LILLIAN OYOLA, will necessarily incur similar expenses in the future.

16. That this action falls within one or more of the exceptions set forth in CPLR 1602.

17. That by reason of the wrongful, negligent and unlawful actions of the defendant as aforesaid, the plaintiff, LILLIAN OYOLA, was severely injured, bruised, and wounded, suffered, still suffers, and will continue to suffer for some time great physical pain and great bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

18. That as a result of the defendant's negligence as aforesaid, this plaintiff, LILLIAN OYOLA, has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

WHEREFORE, plaintiff, LILLIAN OYOLA demands, judgment against the defendants in the First Cause of Action in the sum of TWO MILLION ($2,000,000.00) DOLLARS, together with costs and disbursements of this action.

Dated: New York, New York
       April 5, 2007

                    Yours, etc.,

                    KUBARSKI, LEVITZ & GIOVINAZZO, ESQ.
                    Attorneys for Plaintiffs
                    7 Dey Street, 14th Floor
                    New York, New York 10007
                    Tel. 212/228-1331