UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LILLIAN OYOLA,     Civil Action No.:
                   07CV3387

                Plaintiff,

                **VERIFIED ANSWER**

      - against -

WAYNE BERNARD CAMPBELL,

                Defendant.
------------------------------------------------------------------X

    **PLEASE TAKE NOTICE** that defendant WAYNE BERNARD CAMPBELL, by his attorneys, Havkins Rosenfeld Ritzert & Varriale, LLP, as and for his Answer to the plaintiff's Verified Complaint, states, upon information and belief, as follows:

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION ON BEHALF OF LILLIAN OYOLA

    1.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the Verified Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "2" of the Verified Complaint.

    3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the Verified Complaint.

    4.    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the Verified Complaint.

5.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the Verified Complaint.

6.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the Verified Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "7" of the Verified Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Verified Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the Verified Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the Verified Complaint.

11. Denies each and every allegation contained in paragraph "11" of the Verified Complaint.

12. Denies each and every allegation contained in paragraph "12" of the Verified Complaint.

13. Denies each and every allegation contained in paragraph "13" of the Verified Complaint.

14. Denies each and every allegation contained in paragraph "14" of the Verified Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the Verified Complaint.

16. Denies each and every allegation contained in paragraph "16" of the Verified Complaint and refers all questions of law to the Court.

17. Denies each and every allegation contained in paragraph "17" of the Verified Complaint.

18. Denies each and every allegation contained in paragraph "18" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19. That any injuries and/or damages sustained by the plaintiff, as alleged in the Verified Complaint herein, were caused in whole or in part by the contributory negligence, comparative negligence and/or culpable conduct of said plaintiff and not as a result of the contributory negligence and/or culpable conduct on the part of the answering defendant or any party under the control of the answering defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20. That whatever injuries and/or damages were sustained by the plaintiff at the time and place alleged were the result of the plaintiff's assumption of risk, in realizing and knowing the hazards and dangers thereof, and that plaintiff assumed all the risk necessarily incidental to such an undertaking. The answering defendant hereby invokes the protections of Article 14 and 14(a) of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.     Plaintiff assumed a known or an open or obvious risk for which plaintiff may not recover any damages, or plaintiff's damages must be reduced accordingly.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     In the event the plaintiff recovers a verdict or judgment against the answering defendant, then said verdict of judgment against the answering defendant must be reduced pursuant to CPLR 4545 by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers compensation or employee benefits program.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     The accident described in the complaint did not result in a "serious injury" to any plaintiff as so defined in and by §5102(d) of the Insurance Law of the State of New York or economic loss greater than basic economic loss, as defined in subdivision (a) of §5102 of the Insurance Law. By reason of the provisions contained in §5104 of the Insurance Law of the State of New York, plaintiff had and have no rights to institute, maintain or prosecute this action and is barred from doing so.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     If the plaintiff sustained the injuries complained of which are denied, said injuries were caused in whole or in part by the conduct of one or more parties for whose conduct the answering defendant is not responsible, has no control over, or with whom the answering defendant has no legal relation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25. In accordance with CPLR 1601 et. seq., the liability of the answering defendant, if any, for non-economic loss is limited to answering defendant's equitable share, determined in accordance with relative culpability of all persons and/or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26. The plaintiff failed to properly mitigate its damages so as to prevent or reduce the extent of the injuries it sustained.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27. In the event that any person or entity liable or claimed to be liable for injuries or damages in this action has been given or may hereafter be given a release or covenant not to sue, the answering defendant shall be entitled to protection under General Obligations Law § 15-108.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

28. If the plaintiff sustained any damages as alleged in the amended complaint, which allegations are expressly denied, there was a superceding or intervening cause and/or causes leading to said alleged damages and, as such, any action on the part of the answering defendant was not the proximate and/or competent producing cause of plaintiff's alleged damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's claim is time barred by the applicable statute of limitations.

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

30. This Court lacks personal jurisdiction over the person of defendants, among other things, service of process was not effectuated in accordance with the rules and laws of the State of New York.

**WHEREFORE**, answering defendant, WAYNE BERNARD CAMPBELL, demands judgment dismissing the Verified Complaint on all causes of action and award to defendant such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: New York City, New York
May 4, 2007

Yours, etc.

**HAVKINS ROSENFIELD RITZERT & VARRIALE, LLP**

By: _____
Jonathan A. Judd, Esq. (JJ 1655)
*Attorneys for Defendant*
WAYNE BERNARD CAMPBELL
Eleven Penn Plaza, Suite 2101
New York City, New York  10001
(212) 488-1598
HRRV File No.:  11500-0104

To:

**KUHARSKI, LEVITZ & GIOVINAZZO, ESQ.**
Attorneys for Plaintiff
7 Dey Street, 14th Floor
New York, New York 10007
(212) 228-1333

# ATTORNEY CERTIFICATION
# PURSUANT TO 22 NYCRR 130-1.1a

Pursuant to 22 NYCRR 130-1.1a, the undersigned, an attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief, and after reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous as defined by Section 130-1.1(c) and was not obtained through illegal conduct, nor was it obtained in violation of 22 NYCRR 1200.41-a.

Dated: May 4, 2007

Signature: _____

Print Signer's Name: Jonathan A. Judd, Esq. (JJ 1655)

<u>ATTORNEY VERIFICATION
PURSUANT TO CPLR § 3020(d)(3)</u>

**JONATHAN A. JUDD, ESQ.**, an attorney at law, duly admitted to practice in the Courts of the State of New York, affirms under penalties of perjury that:

I am a member of the law firm of Havkins Rosenfeld Ritzert & Varriale, LLP, the attorneys for the defendant, WAYNE BERNARD CAMPBELL, in the above-entitled action. I have read the foregoing Verified Answer and know the contents thereof, and upon information and belief, I believe the matters alleged therein to be true.

The reason this verification is made by me and not by the defendant, WAYNE BERNARD CAMPBELL, is because the defendant is not located in the county in which its attorneys maintain their offices.

The source of my information and the grounds of my beliefs are privileged communications and/or a review of the documents contained in the file.

Dated: Mineola, New York
       May 4, 2007

_____
Jonathan A. Judd, Esq. (JJ 1655)

## CERTIFICATE OF SERVICE

**JONATHAN A. JUDD**, duly sworn, deposes and says:

I am not a party to the action, am over 18 years of age and reside at New York, New York.

On May 4, 2007, I served a true copy of the within **VERIFIED ANSWER** by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of the United States Postal Service within the State of New York, and the same via electronic mail, addressed to the last known address of the addressee as indicated below:

**KUHARSKI, LEVITZ & GIOVINAZZO**
*Attorneys for Plaintiff*
7 Dey Street, 14th Floor
New York, New York 10007
(212) 228-1331

_____
Jonathan A. Judd, Esq. (JJ 1655)
Havkins Rosenfeld Ritzert & Varriale, LLP
Eleven Penn Plaza, Suite 2101
New York, New York 10001
(212) 488-1598